SUPPORTING

05 - 352

☑ **ORIGINAL**       DOCUMENTATION

FOR PETITION OF WRIT OF HABEAS CORPUS

Arturo Laboy

ARTURO LABOY
D.C.C.
1181 PADDOCK ROAD
SMYRNA, DELAWARE
19977

MAY 22 , 2005

FILED

JUN - 2 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARTURO LABOY, | § | |
| | § | |
| Defendant Below- | § | No. 481, 2004 |
| Appellant, | § | |
| | § | Court Below---Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 93003649DI |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 18, 2005
Decided: April 11, 2005

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## O R D E R

This  _11th_  day of April 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Arturo Laboy, filed an appeal from the Superior Court's October 12, 2004 order denying his motion for correction of sentence pursuant to Superior Court Criminal Rule 35(a).  We find no merit to the appeal.  Accordingly, we AFFIRM.

(2)    In February 1994, Laboy was found guilty by a Superior Court jury of Assault in the First Degree, Assault in the Second Degree, Stalking, Terroristic Threatening and two counts of Possession of a Deadly Weapon During the Commission of a Felony.  He was sentenced to a total of 44 years incarceration at

(6)    We find no error or abuse of discretion in the decision of the Superior Court to deny Laboy's latest motion for sentence reduction. The record reflects that this claim was fully litigated in the proceedings on Laboy's postconviction motion. The disposition of that motion became the law of the case.[3] Laboy may not now invoke Rule 35(a) in an attempt to re-litigate his claim.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Carolyn Berger_
Justice

---

[3] *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998).
[4] Id.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

ARTURO LABOY,
      Appellant-Defendant,

   v.

STATE OF DELAWARE
      Appellee-Plaintiff,

) Appeal No.# 481 , 2004
)
) Court Below: Superior Court
) of the State of Delaware,
) In and for New Castle County
) Case Id.# 93003649 DI.
)
)

ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

APPELLANT'S OPENING BRIEF

Loren C. Meyers
Deputy Attorney General
Appellate Division
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

Arturo Laboy
ARTURO LABOY
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dated: November 21 , 2004

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant is an inmate at the Delaware Correctional Center. On February 15, 1994, the defendant was tried and found guilty as to assault first degree, P.D.W.D.C.F, assault second degree, of another count of P.D.W.D.C.F, found guilty of stalking and guilty as to terroristic threatening.

On May 13, 1994 the defendant was sentenced to 44½ years. On August 4, 1994 the defendant's attorney Jerome M. Capone filed a Motion for Reduction of Sentence with the Honorable Judge Norman A. Barron. That motion was denied on August 9, 1994 by the Honorable Barron.

After considerable rehabilitation had been completed, on February 26, 2001 defendants attorney Jerome M. Capone again motioned the Honorable Judge Barron for reduction of sentence, this time the motion was granted on February 27, 2001.

On March 5, 2001, Judge Peggy L. Ableman filed an order denying the motion for reduction of sentence, stating the reason for denial as the motion for reduction of sentence was filed more than 90 days after the imposition of the sentence, which was clearly erroneous. On or about August 26, 2004 the defendant filed a Motion For Correction of Sentence. In this motion with support of the record defendant established that he had indeed preserved his right. However Judge Ableman denied the motion claiming the Honorable Barron's order was a clerical error. A timely appeal was taken. This is the defendant's opening brief.

(i)

# SUMMARY OF THE ARGUMENTS

I). WHETHER JUDGE PEGGY ABLEMAN'S RULING WAS AN ABUSE OF DISCRETION, AND BASED ON MATERIAL MISAPPREHENSION OF FACT, AS A RESULT OF HER INHERENT BIAS TOWARDS THE DEFENDANT.

II). WHETHER JUDGE NORMAN A. BARRON'S FEBRUARY 27, 2001 COURT ORDER WAS VALID AND NOT A CLERICAL ERROR AS ALLEGED BY JUDGE ABLEMAN'S FINAL DECISION. AND HAS RESULTED IN THE RE-IMPOSITION OF AN ILLEGAL SENTENCE DEPRIVING DEFENDANT OF DUE PROCESS AND EQUAL PROTECTION.

# STATEMENT OF FACTS

On May 13, 1994 the defendant was sentenced in the Superior Court. Within 90 day limit an effort was made by defendants counsel to have the sentence reduced, as counsel filed a Motion For Reduction of Sentence on August 4, 1994.

The motion was denied, after various attempts of rehabilitation was made defendant's attorney again petitioned the Court for reduction of sentence.

The motion for reduction of sentence was refiled on February 26, 2001 and granted on February 27, 2001 by the sentencing Judge the Honorable Barron.

Then on March 5, 2001, Judge Ableman filed an order denying the motion initially claiming that it was being denied because it was not filed within 90 day time limit, when in fact the right was preserved when counsel filed for reduction of sentence was first filed back on August 4, 1994. As such Judge Ableman's ruling was not only unconstitutional in that the state never objected or filed an appeal, and factually speaking the ruling itself was erroneous as it incorrectly stated that defendant's motion was untimely.

On August 26, 2004, the defendant filed a Motion for Correction of Sentence. The motion was again denied, upon realizing from the evidence presented that her March 5, 2001 ruling was erroneous Judge Ableman in her latest decision of denial incredibly now alleges that Judge Barron's February 27, 2001 order is not valid and is a clerical error.

(iii)

Prior to Judge Peggy L. Ableman's appointment to Superior Court, she was employed by the family Court of the State of Delaware in New Castle County. On October 20, 1993 a matter to modify custody was before her involving defendant Arturo Laboy as he was the respondent. During the course of this hearing the defendant made remarks which Judge Ableman obviously felt were offensive and disrespectful. The defendant is claiming that this caused Judge Ableman to be inherently bias towards him that has resulted in her reasoning for abusing her discretion and making erroneous rulings, making re-imposition of his sentence unconstitutional and illegal.

This is defendant's Opening Brief.

## ARGUMENT

I. THE TRIAL COURT'S RULING WAS AN ABUSE OF DISCRETION, BASED ON MATERIAL MISAPPREHENSION OF LAW AND FACT, CLEARLY AS A RESULT OF JUDGE'S INHERENT BIAS TOWARD'S THE DEFENDANT.

## STANDARD AND SCOPE OF REVIEW

The standard and scope of review is whether the Judges decision amounted to an abuse of discretion, based on erroneous facts and was the direct result of an inherent bias rather than being based on fact or law, and or whether such ruling should have been appealed to Supreme Court. State v. Megargel, 673. A.2d 259 (1996).

Initially the Court in denying the defendant's motion for reduction of sentence; it cited that the motion was filed beyond the 90 day time limit (See Judges order dated March 5, 2001. (Super ct. D.I # 42).

When the defendant challenged this ruling setting forth clear and convincing evidence to the contrary, that a motion for reduction of sentence had been filed within 90 days of sentence on August 4, 1994 thereby preserving his right to refile for reduction and or modification of sentence.

The Judge then in realizing her erroneous ruling then changed her ruling and now claimed that Hon. Barron's ruling was a clerical error.

(1

Defendant on the contrary claims that Judge Abelman's conduct in this matter is clearly one of inherent bias. First the Judge should have not overruled the Hon. Barron's February 27, 2001 order, as her reasoning for vacating the order in the first instance was violative of defendant's due process rights to equal protection and fundamental fairness. It was also based on material misapprehension of fact as the defendant's motion was not time-barred as alleged in her March 5, 2001 order.

(See and Compare In re-Barrett, Del.Supr. 598 A.2d 529

Appellant hereby moves the Court to grant him relief by reinstating Judge's Norman Barron's February 27, 2001 order reducing his sentence by fifthteen years as originally ruled.

<u>ARGUMENT</u>

II. JUDGE ABELMAN'S RULING THAT JUDGE BARRON'S
ORDER WAS NOT VALID AND A CLERICAL ERROR
WAS AN ABUSE OF DISCRETION, ERRONEOUS, HAD
NO-MERIT, RESULTED IN THE IMPOSITION OF AN
ILLEGAL SENTENCE DEPRIVING DEFENDANT OF DUE
PROCESS OF LAW.

The issue before this Court is a simple one and
that is whether Judge Barron's order of February
27, 2001 is valid or that of an clerical error.
The order is clearly valid, as it is signed, sealed
and was delivered to a number of different parties.
Defendant further states in support of his claim
that when he first challenged Judge Abelman's
decision she did not allege that Judge Barron's
order was a clerical error but instead ruled that
Mr. Labay's motion for reduction of sentence was
being denied because, the motion was filed more
than 90 days after the imposition of the sentencing.
After it was revealed that the defendant had preserved
his right to redress, the Court erroneously, and
conviently changed it's ruling and unbelievably is
now alleging that Barron's ruling is a clerical
error. The record in this matter reflects that Judge
Barron's order is no more a clerical error than.
Judge Abelman's order is, if his order is a clerical
error, so is her's and every other signed order in
the State of Delaware. Given the record and over-abun-
dance of evidence the defendants appeal should be granted

13

## CONCLUSION

WHEREFORE, in light of the aforementioned defendant requests the lower court decision be reversed and the case remanded for sentencing.

_Arturo Laboy_

Arturo Laboy #00203210
Delaware Department of Cor
1181 Paddock Road
Smyrna, DE 19977

## CERTIFICATE OF SERVICE

I, Kenneth I. Deputy, hereby certify that I have served a true and correct cop(ies) of the attached: _____

APPELLANT'S OPENING BRIEF AND APPENDIX upon the following parties/person(s):

TO: Clerk of the Supreme Court
     Supreme Court
     55 The Green
     Dover, DE 19901


TO: _____          TO: Loren C. Meyers
    _____               Deputy Attorney General
    _____               Department of Justice
    _____               Carvel State Building
    _____               820 N. French Street
                                   Wilmington, DE 19901

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977,

On this 21 day of November, 2004.

Arturo Laboy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

V.

ARTURO LABOY
DEFENDANT

IN 93040454 ACTION NO.
thru IN 93040460
I.D. NO.
# 93003649 DI

NOTICE OF MOTION

PLEASE TAKE NOTICE, that the enclosed Motion for Correction of Sentence 35(a) will be presented to this Honorable Court at the earliest possible convenience.

8-26-04
Date

# 00203210
S.B.I.
Delaware Correctional Center
Smyrna, DE. 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

ARTURO LABOY
   vs. Defendant,
STATE OF DELAWARE

Cr. A. Nos. IN93040454
   thru IN93040460
Case Id. No. 93003649 D.I

## MOTION TO CORRECT SENTENCE
## PURSUANT TO RULE 35 (a)

COMES NOW the defendant by and through counsel, and respectfully requests, that this Honorable Court to correct his sentence. In support of this motion, defendant asserts the following:

1) On May 13, 1994, the Defendant was sentenced by the Court in the above-referenced case. The Defendant's sentence totaled 41½ years at Level V with probation to follow

2) On August 4, 1994 the defendant's attorney filed a timely Motion For Reduction of Sentence. (SEE Superior Court docket entry D.I. #26)
   However the motion was denied by the Honorable Judge Barron on August 9, 1994 DI # 27.

3) On February 26, 2001 defendant's attorney again filed with the Court a Motion For Reduction of Sentence D.I # 40. The Court granted the motion see DI # 41, ALSO SEE ATTACHED ORDER OF JUDGE BARRON.

4) On March 5, 2001 without legal provocation, the Honorable Peggy L. Ableman reversed the Honorable Judge Barron's February 26, 2001 order.

5) The Defendant claims that the Honorable Peggy L. Abelman's action violates the constitution and was imposed in an illegal manner which denied him due process of law.

Defendant further states that her reasoning for the denial of the motion, was based on erroneous facts and misinformation, in that her order erroneously alleged that the defendant failed to preserve his right in filing his motion outside of the required 90 day time limit, which is incorrect as the record in this case reveals that the defendant's attorney filed a motion for reduction of sentence within the 90 day time limit on August 4, 1994 clearly preserving his clients rights

6) Defendant further asserts that Judge Abelman's actions was an abuse of discretion and based entirely on personal dislike for the defendant stemming from previous encounter in a family court matter which took place on or about October 20, 1993.

WHEREFORE, defendant seeks an order for this Honorable Court to correct his sentence.

MOTION TO CORRECT SENTENCE 35 (A)

This Rule provides that the court may correct an illegal sentence at any time [emphasis added] on the ground that the sentence violates constitutional or statutory rights, was imposed by a court lacking jurisdiction.

Defendant asserts the following grounds in support of his motion.

## GROUND I

Defendant claims that his due process rights were violated under the 5th and 14th amendments of the constitution on March 5, 2001 by the Honorable Peggy L. Abelman when she reversed the Honorable Norman A. Barron's February 27, 2001 order which he granted the defendants timely filed motion for Reduction of Sentence pursuant to Superior Court Criminal Rule 35 (b). SEE EXHIBITS (1 and 2) attached to this motion.

Defendant states that Judge Barron's order was final and to have such an order reversed under the requirements of due process an appeal must be filed with the State Supreme Court. The record in this case reflects that no such Appeal was taken to the Delaware Supreme Court, as such the defendant is entitled to relief. The order of the Honorable Judge Barron reduced his sentence by 15 years, defendant seeks relief that will reinstate the Honorable Barrons February 27, 2001 order. Gural v. State. Del. Supr 243 A.2d 692

(3)

## GROUND II

Defendant claims that the Honorable Abelman's decision in reversing Judge Barron's order was based on erroneous information and facts all of which denied him due process of law.

The Judge's bases for denying the defendant's motion for reduction of sentence was that it had been filed more than 90 days after imposition of of the sentence. a review of the record in this case reflects that Judge Abelman's decision was clearly in error. SEE Exhibit #4) docket sheet page 7. D.I #26 shows that defendant's motion for reduction of sentence was filed on August 4, 1994 well within 90 days of imposition of sentence, which was imposed on May 13, 1994 SEE Docket Sheet page 4.

Judge Abelman's decision was based on erroneous facts and her erroneous decision is ripe for reversal. in that her order deprives defendant of his rights to due process of law, which provides and guarantees both equal protection and funda mental fairness U.S.C.A. Const. Amend 5th. 14th.

## GROUND III

Defendant further states that Judge Abelman's Ruling was an abuse of discretion and should be reviewed as such (SEE Richardson v. State 673 A.2d 144 (1996)

Judge Abelman's decision and erroneous. ruling was based on an inherent bias and dislike for the defendant. The defendant had a previous encou nter with Judge Abelman in a Family Court pro ceeding.

(4

This encounter between the two took place on or about October 20, 1993. SEE Exhibits 7 thru 9. Specifically see exhibit 8 end of second paragraph, the Judge took exception to some of the statements by the defendant which greatly influenced her March 5, 2001 decision in reversing Judge Barron's order. Judge Abelman's decision was based on personal bias and hatred for the defendant. Judge Abelman knew or should have known that defendant had filed a motion for reduction of sentence within statutory 90 day limit by simply reviewing the record in this matter which was available and easily accessed for her viewing. Bailey v. State. Del. Supr 459 A2d 31

Clearly Judge Abelman's decision was influenced by personal vendetta and must be reversed for being violative of defendant's due process rights, being based on erroneous facts and for violation of Judicial conduct canon codes. Hinckle v. State 56 Del. 35, 189 A2d 432

## GROUND IV

Defendant states that Judge Barron's order granting his reduction motion served as final judgement in the Superior Court, therefore Judge Abelman was prohibited from reversing his decision as she lacked jurisdiction to do so. Following Judge Barron's final decision, the state was required to file an Appeal with the State Supreme Court, instead without any objection from the state Judge Abelman took it upon herself to reverse the defendants motion, all in clear absence of the court's jurisdiction. Defendant claims that her decision should be reversed.

# CONCLUSION

WHEREFORE the defendant prays that this Honorable Court will Reverse the Superior Court Judge Abelman order based on the reasons and authorities along with exhibits attached herein in support of requested relief, as well as violations of his due process rights

Arturo Laboy

ARTURO LABOY
S.B.I # 00203210
D.C.C.
1181 Paddock Road
Smyrna, DE 19977

Dated:    8·26·04

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
*JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

Submitted: September 7, 2004
Decided:    October 12, 2004

Mr. Arturo Laboy
SBI# 203210
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:  *State v. Arturo Laboy*
     **ID No. 93003649DI**

Dear Mr. Laboy:

The Court is in receipt of your Motion for Correction of Sentence, filed pursuant to Superior Court Criminal Rule 35(a). Having reviewed the record of your case, I conclude that your motion must be **DENIED** for the following reasons.

The substance of this motion is identical to claims you have previously raised, and which the Court dealt with in its July 1, 2003 Order (D.I. #54). There the Court reaffirmed a previous ruling that had vacated an Order signed solely due to a clerical error. As I noted then, a Court's correction of a clerical error does not violate the due process clause nor deprive a defendant of his constitutional rights. This is especially true under the circumstances of this case: the erroneous Order was signed by a judge not assigned to the case; the error was caught a scant four days after it was made; the correction did not change the original sentence; and the defendant remained in prison throughout the time in question, and suffered no change in circumstance. Your arguments are therefore barred by the doctrine of *res judicata.*

You have also sought to assert the Constitutional prohibition against double jeopardy as grounds for relief, but this clause does not apply to your circumstance. In layman's terms, the double jeopardy clause prevents the State from trying you

Mr. Arturo Laboy
October 12, 2004
Page 2


over and over again until it is able to find a jury that will convict. It also prevents you from being punished numerous times for the same offense; i.e. since you were charged with assault second degree, you could not also be charged with assault third degree for the exact same act, and thus be doubly punished. You rejected a plea offer, took your chances with a jury trial, and were found guilty of numerous separate offenses. In correcting the aforementioned clerical error, this Court did nothing but uphold that properly issued jury verdict. The double jeopardy clause does not apply.

Finally, I note that this clerical error has given you the false hope that you have somehow obtained new constitutional rights that will invalidate the jury's verdict in your case, your sentence, or both. While I sincerely regret that that has happened, I must emphasize that your belief is incorrect. Duplicative filings pursuant to Rules 35 and 61 will not change the Court's prior Order unless the Delaware or United States Supreme Court announces a new constitutional right that directly applies to your circumstance. Until that happens, I strongly suggest that you cease filing these motions and consider a more productive way to spend your time.

For all of these reasons, Defendant's Motion for Correction of Sentence is **SUMMARILY DENIED**.

**IT IS SO ORDERED.**

Yours very truly,

*Peggy L Ableman*

Peggy L. Ableman


PLA:ad
cc:    Prothonotary
       Presentence

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE      )
                        ) Case No. 93003649DI
v.                     )
                        )
ARTURO LABOY,        )
                        )
        Defendant.     )

## ORDER

AND NOW, TO WIT, this 27th day of February, A.D. 2001, the foregoing Motion for Reduction of Sentence having been read and considered, it is hereby

ORDERED, that the defendant's motion for sentence reduction is hereby *Granted in part. Sentence imposed in IN93-04-0458 is reduced from 20 years at Level V to 5 years at Level 5.*

JUDGE NORMAN A. BARRON

xc: DOJ
Capone
PSO
Δ @ DCC
DCC Records

EXHIBIT (1)

LAW OFFICE
of
## JEROME M. CAPONE

ATTORNEY-AT-LAW

TOWNE CENTER, SUITE 200
4 EAST 8TH STREET
WILMINGTON, DELAWARE 19801

TELEPHONE (302) 654-3260
TELECOPIER (302) 655-5358

February 28, 2001

Mr. Arturo LaBoy
M.P.C.J.F.
1301 E. 12th Street
Wilmington, DE  19801

### Re:  State of Delaware v. Arturo LaBoy

Dear Mr. LaBoy:

In connection with your case, the Court has granted in part a motion for sentence reduction. Enclosed herein is a copy of the Court's Order.

Sincerely yours,

Jerome M. Capone

Jerome M. Capone

JMC:cc
Enclosure

EXHIBIT (2)

SUPERIOR COURT CRIMINAL DOCKET                    Page    4
( as of   04/26/2002 )

State of Delaware v.  ARTURO LABOY                         DOB: 07/15/1967
State's Atty: THOMAS A STEVENS , Esq.          AKA:
Defense Atty: JOHN H MCDONALD , Esq.

```
       Event
No.    Date           Event                          Judge
-------------------------------------------------------------------------
       SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
       02/08/1994
       SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
       02/09/1994
       SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
       02/14/1994                           COOCH RICHARD R.
       CRIMINAL TRIAL CALENDAR - RESCHEDULED
       02/15/1994                           COOCH RICHARD R.
       CRIMINAL TRIAL CALENDAR - TRIAL
17     02/15/1994                           BARRON NORMAN A.
       JURY TRIAL
       THROUGH 021894. THE JURY FOUND
       DEFT GUILTY AS TO ASSAULT 1ST
       DEGREE LIO (0454), GUILTY AS TO
       PDWDCF (0455), NOT GUILTY AS TO
       BURGLARY 2ND DEGREE (0456),
       GUILTY AS TO ASSAULT 2ND DEGREE
       (0457), GUILTY AS TO PDWDCF (0458
       GUILTY AS TO STALKING (0459), &
       GUILTY AS TO TERRORISTIC THREAT.
       (0460). PSI ORDERED. SENT.051394
       AT 10:30 AM. S/JENNINGS,STEVENS.
       D/CAPONE, CR/J.WHITE, CR/ROGERES,
       CARNEY, CREW. JURY SWORN.    DCB
       05/13/1994                           BARRON NORMAN A.
       SENTENCING CALENDAR - DEFENDANT SENTENCED
19     05/13/1994                           BARRON NORMAN A.
       SENTENCE
       AS TO  P93040454, TIS THE DEFT.
       IS ADJUDGED GUILTY OF THE OFFENSE
       CHARGED.
       THE DEFENDANT IS TO PAY COSTS OF
       PROSECUTION.
       EFFECTIVE NOVEMBER 1, 1992 THE
       DEFENDANT IS PLACED IN THE
       CUSTODY OF THE DEPARTMENT OF
       CORRECTION AT SUPERVISION LEVEL 5
       FOR A PERIOD OF 10 YEARS .
       IF THE DEFENDANT IS PRESENTLY
       SERVING ANOTHER SENTENCE, THAT
       SENTENCE SHALL BE SUSPENDED UNTIL
       COMPLETION OF THIS SENTENCE.
```

EXHIBIT (3)

SUPERIOR COURT CRIMINAL DOCKET                    Page    7
( as of   04/26/2002 )

State of Delaware v.  ARTURO LABOY                       DOB: 07/15/1967
State's Atty: THOMAS A STEVENS , Esq.        AKA:
Defense Atty: JOHN H MCDONALD , Esq.

```
       Event
No.   Date            Event                              Judge
-----------------------------------------------------------------------------
       05/24/1994
       DEFENDANT'S LETTER
       RECEIVED 06/16/94          KRS
20    06/06/1994                                  BARRON NORMAN A.
       ORDER OF JUDGMENT
                                  EC
22    06/14/1994
       DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT
       #210, 1994                 DF
23    06/14/1994
       LETTER
       (SUPREME COURT) TO COURT REPORTER
       PURSUANT TO SUPREME COURT RULE 9
       (E)(IV), THE TRANSCRIPT MUST BE
       FILE WITH THE PROTHONOTARY NO
       LATER THAN 071894.         DF
21    06/14/1994
       NOTICE OF APPEAL
       #210, 1994                 DF
24    06/30/1994                                  BARRON NORMAN A.
       TRANSCRIPT OF SENTENCING
       MAY 13, 1994               DF
25    07/22/1994
       LETTER
       (SUPREME COURT) TO COURT REPORTER
       THE COURT IS IN RECEIPT OF YOUR
       LETTER DATED 071494. ALTHOUGH THE
       COURT GENERALLY LIMITS A FIRST
       REQUEST FOR AN EXTENSION OF TIME
       TO 30 DAYS, IN VIEW OF YOUR VAC.
       SCHEDULE FOR A 39-DAY EXTENSION
       OF TIME YOUR REQUEST IS HEREBY
       GRANTED. PLEASE FILE THE TRANS.
       NO LATER THAN 090994.      DF
26    08/04/1994
       MOTION FOR REDUCTION OF SENTENCE
       JEROME M. CAPONE, ESQ - REFERRED
       TO JUDGE BARRON             DF
27    08/09/1994                                  BARRON NORMAN A.
       LETTER
       TO JEROME M. CAPONE, ESQ. ADVIS-
       ING MOTION FOR REDUCTION OF SENT.
```

EXHIBIT $^{II}$(4)

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    8
                    ( as of   04/26/2002 )

State of Delaware v.  ARTURO LABOY                    DOB: 07/15/1967
State's Atty: THOMAS A STEVENS , Esq.        AKA:
Defense Atty: JOHN H MCDONALD , Esq.

        Event
No.   Date            Event                            Judge
-------------------------------------------------------------------------
       IS DENIED.                     CM
28   09/13/1994                                  BARRON NORMAN A.
       TRANSCRIPT OF TRIAL
       FEBRUARY 15, 1994             DF
29   09/13/1994                                  BARRON NORMAN A.
       TRANSCRIPT OF TRIAL
       FEBRUARY 16, 1994             DF
30   09/13/1994                                  BARRON NORMAN A.
       TRANSCRIPT OF TRIAL
       FEBRUARY 17, 1994             DF
31   09/13/1994                                  BARRON NORMAN A.
       TRANSCRIPT OF TRIAL
       FEBRUARY 18, 1994             DF
32   09/16/1994
       LETTER
       (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9
       (B)(I), THE RECORD W/TRANSCRIPT
       MUST BE FILED WITH THIS OFFICE NO
       LATER THAN 092394            DF
33   10/03/1994
       RECORDS SENT TO SUPREME COURT
                                     DF
34   10/07/1994
       RECEIPT RECORDS ACKNOWLEDGED BY
       SUPREME COURT                 DF
35   07/12/1995
       MANDATE AFFIRMED
       #210, 1994                    DF
36   09/18/1995
       MOTION
       FOR TRANSCRIPT OF RECORD - FILED
       PRO'SE - REFERRED TO JUDGE
       BARRON                        DF
37   09/20/1995                                  BARRON NORMAN A.
       LETTER
       TO DEFT. YOUR REQUEST FOR TRANS.
       OF RECORD IS DENIED           DF
38   10/13/1995
       NOTICE OF APPEAL
       #401, 1995                    DF
39   11/28/1995
```

EXHIBIT (5)

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    9
                         ( as of  04/26/2002 )

 State of Delaware v.  ARTURO LABOY                          DOB: 07/15/1967
 State's Atty: THOMAS A STEVENS , Esq.        AKA:
 Defense Atty: JOHN H MCDONALD , Esq.

        Event
 No.   Date          Event                           Judge
 -----------------------------------------------------------------------------
        ORDER
        (SUPREME COURT) NOW, THEREFORE,
        IT IS ORDERED PURSUANT TO
        SUPREME COURT RULE 29(B) THAT
        THIS APPEAL BE, AND THE SAME
        HEREBY IS DISMISSED.          DF
 40     02/26/2001
        MOTION FOR REDUCTION OF SENTENCE FILED.
        JEROME CAPONE, ESQ.
        REFERRED TO JUDGE BARRON ON 022801.
 41     02/27/2001                                    BARRON NORMAN A.
        ORDER: NOW TO WIT, THIS 27TH DAY OF FEBRUARY, 2001, THE FOREGOING
        MOTION FOR REDUCTION OF SENTENCE HAVING BEEN READ AND CONSIDERED, IT
        IS HEREBY:
        ORDERED, THAT THE DEFENDANT'S MOTION FOR SENTENCE REDUCTION IS HEREBY
        GRANTED - IN PART. SENTENCE IMPOSED IN IN93-04-0458 IS REDUCED FROM
        20 YEARS AT LEVEL 5 TO 5 YEARS AT LEVEL 5.
 42     03/05/2001                                    ABLEMAN PEGGY L.
        ORDER: MOTION FOR REDUCTON OF SENTENCE IS DENIED.
          THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF THE
        SENTENCE AND IS THEREFORE TIME-BARRED.
          THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIEM
        OF SENTENCING.
 43     03/20/2001
        MOTION TO VACATE ORDER FILED.
        ANDREW VELLA, DAG.
        REFERRED TO JUDGE ABLEMAN ON 032001.
 44     03/21/2001                                    ABLEMAN PEGGY L.
        ORDER:  AND NOW, TO WIT, THIS 21ST DAY OF MARCH, 2001, THE FOREGOING
        MOTION TO VACATE ORDER HAVING BEEN READ AND CONSIDERED, IT IS
        ORDERED THAT THE COURT'S ORDER DATED FEBRAURY 27, 2001 SIGNED BY
        JUDGE BARRON IS HEREBY VACATED.  NOTICE SHALL BE SENT TO THE
        DEPARTMENT OF CORRECTIONS INFORMING THEM THAT THE COURT'S FEBRUARY
        27, 2001, ORDER GRANTING THE DEFENDANTS MTOION FOR REDUCTION OF
        SENTENCE HAS BEEN VACATED AND THAT THE ORIGINAL SENTENCING ORDER
        DATED MAY 13, 1994, IS STILL IN EFFECT AND IS CONSISTENT WITH THIS
        JUDGE'S 3/2/01 ORDER AS THE ORIGINAL OF THE MOTION WAS FORWARDED TO
        THIS JUDGE.
 45     03/22/2001
        DEFENDANT'S RESPONSE FILED.
        STATE'S MOTION TO VACATE ORDER.
        JEROME CAPONE, ESQ.

              *** END OF DOCKET LISTING AS OF  04/26/2002 ***
                     PRINTED BY: CSCVELL
```

EXHIBIT (16)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. )      ID No. 93003649DI
)
ARTURO LABOY )
)
Defendant )

NOTICE OF MOTION

To:  The Honorable Peggy L. Ableman
     Superior Court
     Daniel L. Herrmann Courthouse
     Wilmington, DE 19801

     PLEASE TAKE NOTICE that the undersigned attorney intends to

present the attached Motion to Vacate Order to the Court at the

convenience of the Court and Counsel.

                              Andrew J. Vella
                              Deputy Attorney General
                              Carvel State Office Building, 7th Floor
                              820 North French Street
                              Wilmington, Delaware 19801

DATE:March 19, 2001

of sentence only in extraordinary circumstances . . . ."

6. Clearly, the Defendant's motion was filed well beyond the 90 day period indicated by Rule 35. A review of the Defendant's motion reveals that there were no "extraordinary circumstances" relied upon in filing the motion as required by the rule.

7. The State suggests that absent extraordinary circumstances and given the Court's order dated March 5, 2001, the Court's February 27, 2001, order should be vacated and the Department of Corrections should be notified of this development.

WHEREFORE, the State requests that this Honorable Court grant its Motion to Vacate Order.

Respectfully submitted,

ANDREW J. VELLA
Deputy Attorney General

Date: March 19, 2001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)  ID No. 93003649DI
v. )
)
ARTURO LABOY, )
)
Defendant )

## STATE'S MOTION TO VACATE ORDER

COMES NOW, the State of Delaware by and through its Deputy Attorney General,

Andrew J. Vella, Esq., and requests that this Honorable Court vacate its order dated February 27,

2001. In support of its motion, the State avers as follows:

1. On May 13, 1994, the Defendant was sentenced by the Court in the above-referenced case.

The Defendant's sentence totaled 41 ½ years at Level V with probation to follow.

2. On February 26, 2001, the Defendant filed a Motion for Reduction of Sentence.

3. On February 27, 2001, the Court granted the Defendant's motion in part in an order signed

by Judge Norman A. Barron. Specifically, the Court reduced the Defendant's sentence in Cr. A. No.

IN93-04-0458 from 20 years at Level V to 5 years at Level V (Exhibit "A").

4. On March 5, 2001, the Court again considered the Defendant's same motion for

Reduction of Sentence and denied the motion.

5. Superior Court Criminal Rule 35 states that "[t]he court may reduce a sentence of

imprisonment on a motion made within 90 days after the sentence is imposed." The rule goes on

to state that "[t]he court will consider an application made more than 90 days after the imposition

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)  ID No. 93003649DI
v. )
.)
ARTURO LABOY, )
)
Defendant )

### ORDER

AND NOW, TO WIT, this _____ day of _____, 2001, the foregoing

Motion to Vacate Order having been read and considered, it is ORDERED that the Court's Order

dated February 27, 2001 signed by Judge Norman A. Barron is hereby VACATED.  Notice shall be

sent to the Department of Corrections informing them that the Court's February 27, 2001, order

granting the Defendants Motion for Reduction of Sentence has been vacated and that the original

sentencing order dated May 13, 1994, is still in effect.

_____
                                                                                        J.

xc: Andrew J. Vella
    Jerome Capone
    Presentence Office
    Arturo Laboy
    DCC Records

EXHIBIT "A"



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

41

DOC
BP
PP
PSI

CF

STATE OF DELAWARE )
                              )  Case No. 93003649DI
v.                            )
                              )
ARTURO LABOY,                 )
                              )
            Defendant.        )

2001 FEB 27  PROTHONOTARY FILED

## ORDER

AND    NOW,    TO    WIT,    this   27th   day  of
February   , A.D. 2001, the foregoing Motion for Reduction
of Sentence having been read and considered, it is hereby

ORDERED,  that  the  defendant's  motion  for  sentence
reduction is hereby _Granted in part. Sentence imposed_
_in IN93-04-0458 is reduced from 20 years_
_at Level II to 5 years at Level 5._

_____
JUDGE NORMAN A. BARRON

XC: DOJ
Capone
PSO
△ @ DCC
DCC Records

## CERTIFICATE OF SERVICE

STATE OF DELAWARE)
                 ) ss.
NEW CASTLE COUNTY)

DEBORAH C. MORONEY, being duly sworn, deposes and says that:

1.  She is a secretary for the Department of Justice.

2.  That on March 20, 2001 she caused to be hand

delivered, two copies of the attached Motion to:

Jerome M. Capone, Esq.
4 East 8th Street
Wilmington, DE 19801

Inmate Arturo Laboy-SBI #00203210
Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977

Deborah C. Moroney
Senior Legal Secretary

Pursuant to 29 Del C. §2508

Deputy Attorney General

Form 326
(Rev. 9/82)
FILM

# The Family Court of the State of Delaware
## In and For New Castle County
### CIVIL DISPOSITION - JUDGE

| Petitioner | Respondent | File No(s) |
|---|---|---|
| GLORIA SOTO* | ARTHUR LABOY | CN92-9483 |
| 1234 Lancaster Avenue & | c/o Gander Hill | CN93-08258 |
| 1307 Lancaster Avenue | P.O. Box 9279 | CPI No(s) |
| Wilmington, DE 19805 | Wilmington, DE 19809 | 93-5-403-CV* |
| Attorney | Attorney | 93-5-301-CV** |

Nature of Proceeding
Modify Custody*
& Grandparent
Visitation**

ADILAIDE LABOY**
234 N. Franklin Street
Wilmington, DE 19805

[X] Announced in Court

[ ] Decision Reserved

Date of Hearing
10/20/93

Date of Decision
10/20/93

Before the HONORABLE PEGGY L. ABLEMAN, JUDGE of the Family Court of the State of Delaware:

Before the Court is a Petition to Modify Custody filed by Gloria Soto, naming Arthur Laboy as respondent. Although the petition requests "full" custody, the Court has treated the request as one for sole custody. The parties previously entered into a Consent Order on October 19, 1992 wherein joint custody of Scottie Soto, born 7/5/89, Giovanni Laboy, born 1/17/91, and Jeremy Soto, born 11/17/91 was awarded to the parent with primary residential care awarded to the mother. In that Order, father was also granted visitation rights every Friday from 10:00 a.m. until Saturday at 12:00 noon. At this hearing, both parties appeared pro se.

Petitioner requests an Order of sole custody because the respondent is incarcerated on a charge of attempted murder. At the time of the filing of the petition, the criminal trial was scheduled for June 7, 1993. There was no evidence at this hearing with respect to whether respondent has been tried. As far as the Court

EXHIBIT #7

is aware from respondent's testimony, he has not yet been sentenced although he seems to believe that he will serve five years. Petitioner desires an Order of sole custody under the circumstances since respondent is not in a position to care for the children, to make decisions concerning them, or to participate in the decision-making process.

Based on the respondent's incarceration, the Court has no choice but to award sole legal custody of Scottie Soto, born 7/5/89, Giovanni Laboy, born 1/17/91, and Jeremy Soto, born 11/17/91, to their natural mother, Gloria Soto.

The Court will not be entering a visitation Order herein in light of the respondent's incarceration. Although respondent objects to the loss of his "rights" and does not seem to accept this decision, the Court cannot delay this custody decision until he is released in five years, nor can it consider the possibility of awarding custody to an individual who is incarcerated. Respondent's reaction to the present circumstances was to state that he will make more children if the Court deprives him of his "rights" to these children. While it is true that respondent can always have more children, I consider such a response to be extremely insensitive and irresponsible.

Also before the Court is a Petition for Grandparental Visitation filed by Adilaide Laboy, naming Gloria Soto as respondent. The petition seeks visitation with the three children of Gloria Soto. At this hearing, Ms. Laboy testified that she has

2   EXHIBIT 8

not seen these children for at least a year, and although she is sure that the younger two children would recognize her and remember her, despite the fact that they were only eight months and a year and a half respectively, she was uncertain as to how best to reacquaint herself with them. Nor did she have any idea about the type of schedule that should be established in light of her long absence from the children's lives.

Ms. Soto testified that she would be willing to allow one day per month for the children to visit with their grandmother and to increase that visitation if it goes well. However, she is equally concerned about the fact that the children do not know their grandmother, with the exception of the oldest child who is now four years of age.

I will permit Adilaide Laboy, the paternal grandmother, to visit with the children on alternating Sundays from 10:00 a.m. until 1:00 p.m., initially. If the visitations are successful, then after six months, the Court will permit the visitations to include an overnight, unless the mother petitions the Court to establish a different Order.

IT IS SO ORDERED.

PEGGY L. ABLEMAN
JUDGE

PLA:jmr
cc:  Gloria Soto (2)
     Arthur Laboy
     Adilaide Laboy
     File

3    EXHIBIT #9