PETITION UNDER 28 U.S.C § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

☐ ORIGINAL

ARTURO LAROY
    PETITIONER,

vs.

WARDEN: THOMAS CARROLL
    RESPONDENT;



05 - 352

BD scanned

## WRIT OF HABEAS CORPUS

Petitioner hereby petitions the U.S. District Court of Delaware for relief, as to the illegality and unconstitutional re-imposition of his sentence by the State Superior Court. Petitioner claims that 15 years of his sentence was reimposed in violation of federal law, specifically his 5th and 14th constitutional rights.

## FACTS

1). Petitioner sentenced in State Court to 44½ years on or about May 13, 1994.

2). Motion for Reduction of Sentence filed with the Superior Court by trial attorney Jerome Capone on August 4, 1994. Motion referred to Hon. Barron.

3). On August 9, 1994 Judge Barron denied motion.

4). On February 26, 2001 trial attorney Jerome Capone again filed motion for reduction of sentence, this time the motion was granted by Judge Barron. Sentencing Judge, the Honorable Norman A. Barron. As to IN93-04-0458 petitioners sentence was reduced from 20 years to 5 years.

5). On March 5, 2001 Judge Peggy L. Ableman filed an order denying the defendants motion for reduction of sentence. Judge Ableman claimed that the reason why she denied the motion was because, the motion was filed more than 90 days after imposition of the sentence and was therefore time-barred.

6) Eventually on March 20, 2001, 15 days after Judge Ableman reversed Judge Barron's final judgement the State's Attorney filed a motion to have Judge Barron's original order granting motion for reduction of sentence.

7) The defendant refiled a motion showing Judge Ableman with support from the record that his motion was not time-barred.

8) Judge Ableman upon recognizing her erroneous order again rejected the defendants claims, this time the Judge (Ableman) alleged that Judge Barron's order was signed and sealed she claimed the order of Judge Barron was a clerical error, and that Judge Barron was not assigned to the case. The record reflects that Judge Barron was the trial and sentencing Judge in this matter.

9) A timely appeal was taken and the Delaware Supreme Court wrote a single paragraph denying the appeal.

10). The defendant now files a Petition for A WRIT OF HABEAS CORPUS.

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF HABEAS CORPUS

## I) ARGUMENT

### PETIONER'S DUE PROCESS RIGHTS WAS VIOLATED BY JUDGE ABLEMAN'S REVERSAL OF the Hon. BARRON'S ORDER

Petitioner claims that the Superior Court violated and denied him due process of law when it reversed the original order which granted his modification/reduction of sentence motion. The order of Judge Barron was signed, sealed and mandated, therefore under the law and in accordance with the 5th and 14th rights of the U.S. Constitution becomes a final judgement.

Thus, reversal of said order requires that an Appeal be taken by opposing party which in this case had to be filed with the Delaware Supreme Court. The record reflects that prior to Judge Ableman assigning herself to the case and reversing Judge Barron's order, the State did not file a motion in opposition of the Petitioners request for reduction of sentence. Judge Ableman simply took action without any approval or request by the State. Judge Ableman erroneously alleged that she reversed the motion because it was filed beyond the 90 day time limit which proved to be false, she later recanted this ridiculous allegation. The rules of filing a motion under 35(a) in Superior Court requires a copy be sent to opposing party before acceptance, that rule was complied with. Furthermore even after a motion is granted by the Superior Court, an opposing party has 10 days to file for reargument, since the State did neither, reversal of that order violated petitioners due process rights to fundamental fairness and equality of justice 5th, 14 Const. Amend requiring reversal.

(1)

## II). ARGUMENT

PETITIONER CLAIMS THAT SINCE JUDGE BARRON'S ORDER WAS A FINAL JUDGEMENT, THE SUPERIOR COURT LACKED JURISDICTION TO REIMPOSE SENTENCE, THEREFORE SENTENCE ILLEGAL AND VIOLATED HIS 5th AND 14th CONSTITUTIONAL AMENDMENT RIGHTS.

Petitioner claims that, since the State failed to file a timely motion in response to his request for reduction of sentence or file motion for reargument in 10 day requirement, the granting of his motion reducing his sentence as to IN93-04-0458 from 20 years to 5 years became final, and served as mandate. Thus now under due process requiring the State to file an Appeal to a higher tribunal, which in this case would have been with the Delaware Supreme Court. As such the Superior Court lacked Jurisdiction over the Petitioner and the case itself.

The reimposing the sentence by Superior Court Judge was illegal as a matter of law and in violation of the petitioner's due process rights to fundamental fairness and equal protection of law. In conjunction with these numerous violations the Judge's order in reasoning, her denial and reversal because it exceeded 90 day limit was clearly erroneous. The record in this case reflects that petitioner was sentenced on May 13, 1994, and he filed his motion for reduction of sentence in a timely manner as required by law on August 4, 1994.

Petitioner hereby petitions this Court to grant his Writ of Habeas Corpus for various violations of his constitutional rights guaranteed by the 5th and 14th amendment of the United States Constitution, and to avoid miscarriage of justice

(2)