## III) ARGUMENT

PETITIONER CLAIMS THAT A PREVIOUS ENCOUNTER WITH JUDGE ABELMAN CAUSED HER TO HAVE ACTUAL AND APPARENT BIAS, PREJUDICE, AND DEMONSTRATED THAT SHE WAS NOT IMPARTIAL TO HIM, ALL WHICH DENIED HIM HIS RIGHTS TO FAIR AND EQUAL PROTECTION UNDER DUE PROCESS OF LAW CONST. AMEND 5th 14 U.S.C.A.

Petitioner claims that Judge Abelman took exception to his statements, which he made while she presided in a family Court matter involving a custody hearing; he was the respondent in that matter.

During the course of that particular hearing on October 20, 1993. the petitioner made some ill-advised comments that angered Judge Abelman which caused her to have an inherent, actual and apparent bias towards him In re Munchinson 349 U.S. 133, 136-39; U.S. v. Diaz, 797 F.2d 99, 100 (2d Cir 1986) Walberg v. Israel, 766. F.2d 1071, 1077-28.

Judge's failure to recuse herself denied the petitioner of his due process rights.

Due process requires that a judge possess neither actual nor apparent bias; in this case before this Court the Judge's actions were clearly based on her earlier encounter with the petitioner on October 20, 1993. The facts in this Writ and with the support of the Superior Court and Family Court records; there is adequate support of appearance of bias; facts would create a reasonable probability that Judge was not impartial which prejudiced the petitioner's case at bar. Judge's actions was that of Judge; jury and executioner requiring relief; reversal and remand for reinstatement of Judge Barron's order granting Petitioner's motion.

## IV) ARGUMENT

THE PETITIONER CLAIMS THE SUPERIOR COURT ORDER BY JUDGE ABELMAN VIOLATED HIS DUE PROCESS RIGHTS, WAS NOT BASED ON THE MERITS, BUT DUE TO INHERENT BIAS, THE DELAWARE SUPREME COURT ERRED IN CONCLUDING OTHERWISE DEPRIVING HIM OF DUE PROCESS.

A review of the facts of this case reveal that the petitioners attorney originally filed a motion for reduction of sentence within applicable time limit and that motion was denied by the trial Judge. After substantial rehabilitation a few years later petitioners counsel again filed for reduction of sentence with the trial Judge. However, this time the trial Judge saw fit to grant petitioners motion believing it to be appropriate thereby reducing his sentence.

Then Judge Abelman entered the picture remembering the harsh comments made by the petitioner at family Court custody hearing. Reversed the trial Judge's order, despite the State's decision not to oppose the petitioners motion, in having numerous opportunities to do so, and despite the trial Judges order being final and serving as mandate thereby closing the case.

The Delaware Supreme Court's erroneous belief that Judge Abelman's actions did not violate due process or was taken as revenge, payback or in retenteletion is not only in violation of the constitution, the statutory rights of petitioner, but erroneous as well as disturbing to say the least.

Not only does the the record and facts of the case reveal Judge Abelman's inherent bias against or towards the petitioner. But her October 12, 2004     order does as well.

(4)

Whereas she "states at page 3 of her October 12, 2004 order" I strongly suggest that you cease filing these motions and consider a more productive way to spend your time."

In her original motion she alleged that the motion was denied because it was filed untimely.

They when the petitioner overcame that burden of proof, she now alleges that even though the order by Judge Barron was signed sealed and was served to all required parties of interest, she still insists that the Court Order was a clerical error. And the Delaware Supreme Court in its order erroneously claims there was no error or abuse of discretion, in a single paragraph.

The Superior Court order has caused a miscarriage of justice, violates due process, was an abuse of discretion and Supreme Court erred in concluding otherwise. SEE Torry v. Brennan 79 F.3d 693 in a similiar vein.

The Delaware Supreme Court further erred in failing to apply any of the different tests in determining whether there was an appearance of bias, that's the law of the case (SEE Cigna Fire Underwriters Co. v. McDonald & Johnson, Inc., 86 F.3d 1260, 1270-71 1st Cir 1996.

Petitioner claims that had the law of the case been applied he was entitled to reversal and remand.

Due to violation of due process petitioner's Writ of Habeas Corpus should be granted.

(5)

## CONCLUSION

Based on facts and supporting documentation; violation of his due process rights and Supreme Courts erroneous belief that Judge Abelman's actions were not bias. Petitioner claims that he is entitled to the original order of his Trial Judge which reduced his sentence by 15 years, should for all reasons be reinstated. CONST. AMEND 5th & 14, U.S.C.A.

_Arturo Laboy_
ARTURO LABOY
D.C.C.
1181 PADDOCK ROAD
SMYRNA, DELAWARE
                19977

Dated: ___May 22___, 2005