**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ARTURO LABOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A.No. 05-352-JJF |
| | ) | |
| THOMAS L. CARROLL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On February 15, 1994, a Superior Court jury convicted Arturo Laboy of assault in the first degree (11 *Del. C.* § 613), assault in the second degree (11 *Del. C.* § 612), stalking (11 *Del. C.* § 1312A), terroristic threatening (11 *Del. C.* § 621), and two counts of possession of a deadly weapon during the commission of a felony (11 *Del. C.* § 1447). On May 13, 1994, Superior Court sentenced Laboy to a total of 44 years at level V incarceration, suspended after 41½ years for probation. Laboy filed an appeal. The Delaware Supreme Court affirmed Laboy's convictions and sentences on June 23, 1995. While his appeal was pending, Laboy moved the Superior Court for modification of his sentence, which motion Superior Court denied.

On September 18, 1995, Laboy filed a motion for transcripts, which Superior Court denied on September 20, 1995. Laboy appealed Superior Court's order and the Delaware Supreme Court dismissed the appeal on November 8, 1995. On February 26, 2001, Laboy again moved for modification of his sentence. On February 27, 2001, Superior Court granted his motion for sentence modification. On March 5, 2001, Superior Court issued an order denying

Laboy's same motion for sentence modification.  On March 21, 2001, Superior Court vacated its February 27, 2001 order.

On October 17, 2002, Laboy filed a state petition for writ of habeas corpus in Superior Court, which petition the Court denied on October 22, 2002.  Laboy filed a motion for post-conviction relief on April 30, 2003.  Superior Court denied this motion on July 1, 2003.  Laboy appealed the denial of this motion, and the Delaware Supreme Court dismissed the appeal on October 27, 2003.  On September 16, 2004, Laboy filed another motion for sentence modification, which motion Superior Court denied on October 12, 2004.  Laboy appealed this order too, and the Delaware Supreme Court affirmed Superior Court's decision on April 11, 2005.  In papers dated May 22, 2005, Laboy initiated the instant petition for writ of habeas corpus.  (D.I. 1).

Laboy has presented four claims for relief in his petition for writ of habeas corpus, all of which stem from Superior Court's 2001 orders first granting, then denying his motion for sentence modification, and then vacating the order which granted his sentence modification:  (1) that he was denied due process because the Superior Court improperly vacated its own February 2001 order that had granted his motion for sentence modification; (2) that Superior Court lacked jurisdiction to reinstate his original sentencing order, and thus violated his due process rights by so doing; (3) that the Superior Court denied him due process because the judge who denied his motion was prejudiced against him as a result of a prior child custody hearing in Family Court; and (4) that the Delaware Supreme Court denied him due process when it failed to reverse Superior Court's orders denying him sentence modification.  (D.I. 1).  As evidenced by the papers attached to the petition and Laboy's response to question 12 on the model § 2254 form,

Laboy's 2004 state court litigation involved his claim that Superior Court improperly vacated its

order granting him sentence modification.

All of Laboy's claims must fail under 28 *U.S.C.* § 2254(a) as he has not alleged that he is

in custody in violation of the Constitution or laws of the United States, but rather he has alleged

that the Delaware state courts violated his right to due process in their handling of his post-

conviction motions. A petitioner seeking federal habeas relief may only challenge the fact or

duration of confinement. Although Laboy indirectly challenges the duration of his confinement,

his claims of error all relate to the manner in which the state courts disposed of his post-

conviction applications. The Third Circuit has recognized that such allegations as Laboy has

made may provide a cause of action for a section 1983 claim, but the issue is not cognizable in

federal habeas corpus. *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("the federal

role in reviewing an application for habeas corpus is limited to evaluating what occurred in the

state . . . proceeding that actually led to the petitioner's conviction; what occurred in the

petitioner's *collateral* proceeding does not enter into the habeas calculation.") (emphasis in

original).

The Third Circuit has since extended its holding in *Hassine* to apply not just to delay in

post-conviction proceedings, but any allegations of error in the course of a prisoner's post-

conviction relief. *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004). *Lambert* dealt not

merely with delay in the collateral proceedings, but an allegation by the prisoner that the

prosecution had manipulated evidence at the post-conviction evidentiary hearing. *Id.* The

*Lambert* court emphasized that "It is the original trial that is the 'main event' for habeas

purposes." *Id. See also Rudd v. Johnson*, 256 F.3d 317-319-20 (5th Cir. 2001); *Gee v. Groose*,

110 F.3d 1346, 1351-52 (8th Cir. 1997); *Smith v. Lockhart*, 882 F.2d 331, 334-35 (8th Cir. 1989)

(infirmities in state post-conviction proceedings do not constitute grounds for relief in federal court).  Because, under *Hassine* and *Lambert*, Laboy presents no claim cognizable under section 2254, he is not required to exhaust state remedies.  *Tillett v. Freeman*, 868 F.2d 106 (3d Cir. 1989).  All four claims should thus be dismissed on the basis that they challenge only the manner in which the state court handled Laboy's collateral proceedings.

To the extent that Laboy's claims are cognizable in federal habeas, each of Laboy's four claims is time-barred.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."   28 U.S.C. § 2244(d)(1)(A). A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court; Laboy's petition is dated May 22, 2005.  (D.I. 1).  In the absence of proof respecting the date of delivery, that date is the presumptive date the petition was delivered to prison officials for mailing.  *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F.Supp.2d  458, 460 (D. Del. 2002).  Each of the four claims in Laboy's petition is thus untimely under section 2244(d).  *See Woods*, 215 F.Supp.2d at 460.  The events about which Laboy complains (the reduction of his sentence, and subsequent re-imposition of his sentence and vacation of the sentence reduction) concluded when Superior Court issued its March 21, 2001 order vacating the sentence modification.  Laboy did not appeal from this order.  As such, the order became final when the period to appeal expired 30 days later on April 20, 2001.  Thus, the one-year period for the filing of any federal habeas petition by Laboy began to run on April 21, 2001 when the appeal period had expired.  When Laboy filed his *pro se* state petition for writ of habeas corpus on October 17, 2002, the one-year period to file

a federal habeas petition had already elapsed on April 21, 2002. *See, e.g., Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). Neither Laboy's state habeas petition, nor any of his Rule 61 or Rule 35 motions filed in Superior Court, could toll the already expired one-year period in which Laboy could file a federal habeas petition. *See, e.g., Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Laboy cannot save his untimely petition by invoking the doctrine of equitable tolling, as that doctrine only applies when: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Laboy has not articulated any basis under which the doctrine would arguably be appropriate. Thus, the Court should also dismiss each of Laboy's claims as time-barred.

Moreover, even if this Court were to find that Laboy's claims are cognizable in federal habeas and not time-barred, they remain unavailing. To the extent that Laboy's claims are cognizable, they appear to be exhausted. In his opening brief on appeal in case number 481, 2004, Laboy presented the bias claim, as well as the variations on the due process theme that Superior Court could not vacate the sentence modification order and re-impose the original sentence. *See Smith v. Digmon*, 434 U.S. 332, 333 (1978). The Delaware Supreme Court rejected Laboy's arguments because Superior Court had decided the issue in the 2003 litigation (the appeal of which was dismissed as being untimely). Laboy alleges that the Superior Court judge who denied his motion for sentence modification and vacated the improvidently granted order for sentence modification harbored a bias against him because she had presided over his

child custody litigation when she was a Family Court judge.  Laboy cannot demonstrate how the Superior Court judge's prior dealings with Laboy gave the judge a personal stake in Laboy's sentencing or created an actual bias against him.  The Third Circuit has held that the appearance of judicial bias, without more, does not amount to a violation of due process "clearly established" by United States Supreme Court precedents.  *See Johnson v. Carroll*, 369 F.3d 253, 262 (3d Cir. 2004).

Laboy's three other claims cannot plausibly be construed as challenges to his conviction or sentence.  Laboy had no right to a sentence modification.  As discussed *supra*, Laboy's due process claims challenge only the state court's processing of his state post-conviction applications.  Such challenges to a state court's interpretation of state law regarding the modification of a document containing a clerical error is not cognizable in federal habeas.  *See Higgerson v. Blanas*, 2005 WL 1335888, *7 (E.D. Cal.).  Laboy's claims are without merit and should accordingly be denied.

Transcripts of Laboy's trial and sentencing were prepared and filed.  No hearings took place regarding any of Laboy's post-conviction motions or petitions.  In the event that this Court requires a transcript of any portion of Laboy's trial or sentencing, Respondents anticipate that such transcript could be produced within 90 days from the date of the Court's order.

Wherefore, Respondents request that Laboy's petition for writ of habeas corpus be denied without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
Dated: October 14, 2005                      (302) 577-8398