ORIGINAL

In The United States District Court
for The District of Delaware

Arturo Laboy
    Petitioner,

  vs.

Thomas L. Carroll; et; al;
    Respondents.

C.A. # 05-352-JJF



FILED
NOV - 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Reply To Respondents Answer

Pursuat to Federal Civil Judicial Rule 5, Petitioner Submitts this response; also in further support of the Habeas Corpus.

1)  Because Respondents Answer is sporadically mis-Leading in many respects to address without burdening or confusing the issue therefore Petitioners Reply will be factully concise and explicit.

2)  Petitioner has exhausted all state Remedies, Repeatedly on some occassions to no avail. The Superior Court criminal Rule 35 (a) allows for the filing (Challenge) of an illegal sentence at any time.

3)  Despite establishing a prima facial showing of having been sentenced in violation of the double Jeopardy Clause, the state failed to correct or remedy the plain error; and the Courts denied Relief, inconsistant with the rulings and Language held in; see: Howell vs. State Del. Supr., 421 A.2d. 1242. And see: Smith vs. State, Del. Supr., 751 A.2d. 878 (2000). WainWright vs. State, Del. Supr. 504 A.2d. 1096, and, Bromwell vs. State Del. Supr. 427 A.2d. 884.

4) Petitioner in hope of securing Federal Review of the merits, in the Habeas Corpus; Petitioner invoke section(s) B(ii)(d) 1 and 2 of 2254(a). Absent This Honorable Courts intervention, a gross miscarriage of Justice will go uncorrected.

5) Petitioner asserts that if Habeas Corpus is not available their is no remedy and that such results is contrary to the command of the Federal Constitution, mandating that a procedural of some Kind be provided to raise questions of Law.

6) In addition Federal Courts may excuse procedural bars/defaults, Provided the Petitioner can demonstrate that a failure to Review the claims, will Result in a fundamental misscarriage of Justice, see: Edward vs. Carpenter 529 U.S. 446, 451 (2000) and, see: Wenger vs. Frank 266 f. 3d 218 (2001) and Murray 477 U.S. 496.

7) The records of Petitioner in the State Courts clearly shows" Relief will not be made available to the Petitioner. A further Review of the sentencing and re-sentencing (Records) of Petitioner will readily show ample evidence of Constitutional violations; and substantive Due process violations which deprived Petitioner of the fundamentals guaranteed by Law... conferred by the Fourteenth Amendment.

8) In the case of Escobar vs. O'Leary 943 f.2d 711 (7th Cir. 1991) The Honorable Court Ruled that Habeas Corpus (28 U.S.C. § 2254(b)) is appropriate Relief when a Petitioner is detained in violation of the Constitution or Federal Law.

## Statement of facts

9) On Feb. 26, 2001 Defense Counsel, Jerome M. Capone filed a Motion for Reduction of Sentence, for the Petitioner; Exhibit 1.

10) On Feb. 27, 2001 The Honorable Judge, Norman A. Barron, granted the Motion in part. Reducing 20 years Level V to 5 years., Exhibit 2. Also as Exhibit 3, is the docket sheet, which confirms Judge Norman A. Barron as the trial and sentencing Judge., Exhibit $3^2$.

11) On March 19, 2001 Deputy Attorney General; Andrew J. Vella, filed a Motion to Superior Court Judge, Peggy L. Ableman. The contents of Mr. Andrew J. Vella's Motion, "was a request to have Judge Barrons feb. 27, 01 Order Vacated"., Exhibit 4.

12) On March 21, 2001 Honorable Judge, Ableman issued a signed Order, vacating Judge Barrons previous modified sentencing Order., Exhibit 5.

13) Submitted also is a copy of Petitioners status sheet issued by D.O.C., Records Department., Exhibit 7. The Status Sheet clearly reflects the Reduction Order, having been received and fully implemented.
The top half of the Status Sheet shows the initial sentencing. The bottom half shows the Reduction of the Sentencing in part, per Judge Barrons feb. 27th, 01 Order.

## Summary of Arguments

14) Petitioners trial Lawyer, filed a Motion for Reduction of Sentence; which was granted in-part. The Judge reduced a twenty year Level V sentence to five years. Honorable Judge, Norman A. Barron presided over the trial and was the sentencing Judge.

15) Subsequent to Petitioners Sentence Reduction, the Prosecution filed a Motion to Judge Peggy Ableman, requesting she vacate Judge Barron's, Modification Order!! Two weeks later Judge Ableman issued a signed Order vacating Judge Barrons Order and the twenty years was re-instated, upon petitioner.

16) In short the prosecution claims Judge Barron lacked the Legal Authority to reduce the Sentence. Judge Ableman asserts clerical error?? Which is prepostereous!

17) Petitioner asserts that neither position of the Judge or Prosecution, is of any material significance because the 5th. Amendment of the Double Jeopardy Clause prohibit placing a person twice in "danger" for the same offense...... so the Re-imposition of the twenty years is unconstitutional. further more the 6th, 8th and 14th.. Amendment of Petitioners rights were substantially compromised.

18) Petitioner enclosed exhibits for inspection that will clearly confirm Judge Barrons Order was put into effect, and Petitioners Sentence was Reduced, then later increased!

19) The Delaware Supreme Court rule in fanning vs. Superior Court 320 A.2d 343 (1974) supports Petitioners assertion; that the fifth Amendment of the federal Constitution and Article 1. Section 8 of the Bill of Rights of the Delaware Constitution, prohibits a second punishment for the same offense.

Petitioner request the sentence in Question be Vacated!

Petitioner raised four Claims, which for simplicity will be consolidated and hopefully acceptable by the Honorable Court.

### Issue's

20)   The Re-Imposed twenty year sentence constituted Double Jeopardy and abuse; of the Courts Power + discretion......

### Arguments

21)   Petitioner submitted Judge Barrons signed and dated sentencing Order, that unequivocally reduces Petitioner's twenty year Level V. to Five years Level V. Exhibit 6, which is Honorable Obleman's sentencing Order. clearly shows the arbitrary intervention and Re-imposing the previous reduced sentence.....

22)   Petitioner will not burden or waste this Court time with arguing wether the Judge's modification was Legal or clerical error...... Petitioner will say, there is no evidence in the Record that would Logistically or Legally substantiate; the Prosecution or Judge Oblemans claims!

23)   The Honorable Judge. Norman Barron presided over Petitioners trial. This Judge viewed witnesses, heard testimony-evidence and was privy to actions circumstances and all that resulted in Petitioner being found guity; Unlike that of Judge Obleman!

24)   At this junction the only relevant and Legal issue for this Court to decide is, Rather the Re-sentencing of Petitioner to twenty years; constitute Double Jeopardy.....

(5)

(A)   In the Case of <u>Fanning vs. Superior Court</u> and <u>Honorable Judge</u>, Robert C. O'Hara, the jury was sworn in and testimony was taken; the Judge declared a mistrial based on the prosecutions delay to produce toxicologists reports..... The State sought to Re-prosecute, the Defendant's and the Delaware State Supreme Court stated <u>No!</u> for the Re-prosecution would violate the Double Jeopardy Clause: <u>See</u>: 320 A 2d 343 (1974) and <u>Hall vs. State</u>, Del. Ct. Gen. sess; <u>3 W.W. Harr. 233</u>, 134 A. 692 (1926)
Despite the trial Courts abuse of discrimination in calling a mis-trial The Supreme Court didn't hold the Defendant's Liable.

As in Petitioners case before this Court, rather the initial sentence reduction was suspect or not the Re-imposition of the twenty years. constituted A fifth Amendment of the federal Constitution. <u>See</u>: <u>State vs. Willis</u>; criminal (Action # IN 95-01-0246 Del. Supr. Court 673 A.2d 1233 (1995)

The protection against Double Jeopardy is fundamental to our criminal Justice System. which is binding on through the fourteeth Amendment. <u>Benton vs. Maryland</u>, 395 U.S. 784 (1996)

The Double Jeopardy Clause guarantees three protections:

1)   It protects against a second protection for the same offense after conviction and aquittal: also protects against multiple punishments for the same offense: <u>See</u>: <u>State vs. Cook</u>, Del. Supr. 600 A.2d 352 (1991) and <u>North Carolina vs. Pearce</u>, 395 U.S. 711, 895 ct. 2072, 23 L. Ed. 2d 656 (1969)

The Record supports Petitioners Re-sentencing, constituting a Double Jeopardy violation.

(6)

(B)    When the prosecution filed a Motion to Judge Ableman to Vacate Judge Barrons Order and Judge Ableman complied this amounted to a punishment; for the same offense. Based on Model Penal Code § 1.08 the Law prohibits a second prosecution for the same offense. Exhibit 6, is a correspondence sent to Petitioner from the Honorable Judge Ableman. The tone of the Judge Correspondence infers a closed mind, malice and prejudicial undertones. See: Osburn vs. State, Del. Supr. 224 A.2d. 52 (1966) which ultimately resulted in Judge Ablemans abuse of discretion; to undermine Judge Barrons Legal Authority. See: Hamilton vs. State Del. Supr. # 153, 1986,) 534 A.2d. 657.

(C)    Petitioner asserts that Judge Ablemans, arbitrary intrusion, into the sentencing proceedings after the final Order; was prejudicial and rendered the entire proceedings invalid. and a violation of Due Process; See: United States vs. Robin: (2nd Cir.) 545 F.2d 775, United States vs. Tucker 404 U.S. 443., and State vs. Huey 505 A.2d 1242.

(D)    Petitioner was never afforded a Hearing on the Motion filed by the Prosecution. to the Judge and nor was Petitioner given an opportunity to respond or prepare a Defense, Constituting a 6th. Amendment violation. See: Baxstrom vs. Herold 383 U.S. 107, and Specht vs. Patterson 386 U.S. 605 (1967).

The constitutional protection attaches when there is a danger of subjecting a Defendant to a prosecution or punishment, absent the fundamental Safe Guards.

(E) It was abuse of trial Courts discretion to Re-impose a sentence, that was previous vacated; violating Petitioners Due Process and, the fundamental fairness thats essential to the very concept of Justice; See: Donnelly vs. De Chistofore. 416 U.S. 637 (1974). and Reynolds vs. Ellingsworth 843 F. 2d 712 (1988).

(F) From Judge Ablemans Correspondence to Petitioner, Exhibit 6. It can be inferred that the Judge Re-imposed the vacated sentence because Petitioner excercised the right to proceed to trial. Such amounts to a Due Process violation. according to: BordenKircher vs. Hayes, 434. U.S. 357, also U.S.C.A. 5, 6, 14.

On the other hand, the appearance itself of impropriety is a basis for Examination or reversal; See: Stevenson vs. State, Del. Spr., In the Osburn opinion, 224 A. 2d at 53 the Delaware State Supreme Court was quite specific and precise in its demands of the Sentencing Judge, that before imposing any sentence; the Defendant shall be afforded an opportunity to make a statement in his own behalf and present any information in the mitigation of punishment, See: Criminal Rule 32(a).

The invocation of Procedural Rights is an integral part of the adversary process, in which our criminal Justice System Operates. In the case (s) of Pearce and BlackLedge, that the Due Process violation Lay not in the possibility that a Defendant might be deterred from the excercise of a Legal Right "But", rather be put in danger for the excercise of having excercised that Legal Right....... which Petitioner asserts is the case here!

⑧

(G)   Petitioner has met the exhausted requirement of 2254 (b)'s. Even if the State Courts did not discuss or considered the claims; See: Swanger vs. Zimmerman 750 f.2d. 291 (3rd Cir. 1984). Picard vs. Connor, 404 U.S. 270, 275 (1971) and United States Ex Rel. Geisler vs. Walter, 510 f.2d 887, 892 (1975).

(H)   On the other hand, Petitioner asserts that a failure to exhault state remedies, can be excused if state procedural rules; preclude a Petitioner from seeking further relief in State Courts: See: Lines vs. Larkin 208 f. 3rd. 153 (2000). Wenger vs. Frank, 266 F.3d. 218 (2000) and, Teague vs. Lane, 489, 297-98 (1989).

(I)   Additionally the Court held in Harris vs. Reed, 489 U.S. 255 (1989) That if a State Court refuse to consider a Petitioners claim; for failing to comply with an adequate State procedural rule; that the claims are deemed exhausted!

(J)   Petitioner has presented clear and conviencing evidence of substantial Due Process Violations and that of an illegal sentence: imposed in violation of the Double Jeopardy Clause and, the 6th, 8th, and, 14th. Amendment.

(25)   Petitioner further asserts that a fundamental miscarriage of Justice will result, if this Honorable District Court refuse to review the claims; See: McCandles vs. Vaughn, 172 f.3d 255 (3rd. Cir. 1999)., Coleman vs. Thompson, 501 U.S. 722 (1999) and, Caswell vs. Ryan, 953 f.2d. 853 (1992).

(9)

## Conclusion

(26) Petitioner has presented a colaborable claim, which Relief could be granted; and humbly seeks review of the merits by This Honorable Court.

(27) The sentencing records (Exhibits) demonstrate actual prejudice that grossly affected substantial Constitutional Rights, resulting in a miscarriage of Justice. Failure of this Court to review these claims would result in a fundamental deprivation, that's inconsistant with the Constitutional guarantee's! See: Edward vs. Carpenter, 529 U.S. 446, 451 (2000) and Wenger vs. Frank, 266 F. 3d 218 (2001).

(28) Petitioner Received a 15 year sentencing reduction, by a Judge having Legal Authority and Juridiction to Render. A different Judge, acting in complicity with the Prosecution, arbitrary Re-imposed the 20 years Level V Sentence...... The Judges abuse of discretion, resulted in Petitioner being punished twice for the same offense... See: United States vs. Wilson, 420 U.S. 332 (1975)., United States vs. Sussman #89-5643, 900 F. 2d. 22 (1990).

(29) In White vs. United States, 515 U.S. 389, 132 L. Ed. 2d., 351., the Court held that the language of the Double Jeopardy Clause, protects against more than the Actual imposition of two punishments for the same offense, it protects also against being twice put in danger...... Also: Brown vs. Ohio, 432 U.S. 161., Ball vs. United States, 470 U.S. 856.. 105 S. Ct. 1668.

(30) The above Supreme Court rulings are applicable to Petitioners case but absent this District Courts intervention, Petitioner will be denied Justice and Relief!

## Relief Sought

(31) Petitioner humbly request an evidentiary hearing on the merits of the Double Jeopardy and abuse of the Courts Discretion.

(32) Petitioner humbly request the Illegal Sentence (15)(years) Imposed by Judge, Peggy Ableman be vacated or alternatively the entire twenty years; since the entire process requires a re-sentencing that was in violation of The Double Jeopardy Clause......

And whatever other relief the Honorable Court deem just and appropriate.

Date: November 1, 2005
Arturo Laboy

Respectfully Sumitted,
Arturo Laboy
Pro'se Petitioner
1181 Paddock Road
D.C.C. Smurna DE
19977

# Certificate of Service

I, _Arturo Laboy_, hereby certify that I have served a true and correct cop(ies) of the attached: _Reply to Respondents Answer, to Habeas Corpus_ upon the following parties/person (s):

TO: _Mr. Gregory E. Smith I.D.# 3869_
_Deputy Attorney General_
_820 North French St. 7th Floor_
_Carvel State Building_
_Wilmington, DE 19801_

TO: _United States District Court_
_844 N. King St. Lockbox 18_
_Wilmington DE 19801-_
_3570_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __1__ day of _November_, 2005

_Arturo Laboy_





I/M Arturo Laboy
SBI# 203210 UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street, lockbox 18
Wilmington, DE 19801-3570

Legal Mail