IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 93003649DI |
| | ) | |
| ARTURO LABOY | ) | |
| | ) | |
| Defendant | ) | |

NOTICE OF MOTION

To: The Honorable Peggy L. Ableman
Superior Court
Daniel L. Herrmann Courthouse
Wilmington, DE 19801

PLEASE TAKE NOTICE that the undersigned attorney intends to present the attached Motion to Vacate Order to the Court at the convenience of the Court and Counsel.

Andrew J. Vella
Deputy Attorney General
Carvel State Office Building, 7th Floor
820 North French Street
Wilmington, Delaware 19801

DATE: March 19, 2001

B 17

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE ) | |
| ) | ID No. 93003649DI |
| v. ) | |
| ) | |
| ARTURO LABOY, ) | |
| ) | |
| Defendant ) | |

### STATE'S MOTION TO VACATE ORDER

COMES NOW, the State of Delaware by and through its Deputy Attorney General, Andrew J. Vella, Esq., and requests that this Honorable Court vacate its order dated February 27, 2001. In support of its motion, the State avers as follows:

1. On May 13, 1994, the Defendant was sentenced by the Court in the above-referenced case. The Defendant's sentence totaled 41 ½ years at Level V with probation to follow.

2. On February 26, 2001, the Defendant filed a Motion for Reduction of Sentence.

3. On February 27, 2001, the Court granted the Defendant's motion in part in an order signed by Judge Norman A. Barron. Specifically, the Court reduced the Defendant's sentence in Cr. A. No. IN93-04-0458 from 20 years at Level V to 5 years at Level V (Exhibit "A").

4. On March 5, 2001, the Court again considered the Defendant's same motion for Reduction of Sentence and denied the motion.

5. Superior Court Criminal Rule 35 states that "[t]he court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." The rule goes on to state that "[t]he court will consider an application made more than 90 days after the imposition

of sentence only in extraordinary circumstances . . . ."

6. Clearly, the Defendant's motion was filed well beyond the 90 day period indicated by Rule 35. A review of the Defendant's motion reveals that there were no "extraordinary circumstances" relied upon in filing the motion as required by the rule.

7. The State suggests that absent extraordinary circumstances and given the Court's order dated March 5, 2001, the Court's February 27, 2001, order should be vacated and the Department of Corrections should be notified of this development.

WHEREFORE, the State requests that this Honorable Court grant its Motion to Vacate Order.

Respectfully submitted,

ANDREW J. VELLA
Deputy Attorney General

Date: March 19, 2001

B 19

Exhibit 4 continued

# EXHIBIT "A"