SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

Submitted: September 7, 2004
Decided:   October 12, 2004

Mr. Arturo Laboy
SBI# 203210
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *State v. Arturo Laboy*
    ID No. 93003649DI

Dear Mr. Laboy:

The Court is in receipt of your Motion for Correction of Sentence, filed pursuant to Superior Court Criminal Rule 35(a). Having reviewed the record of your case, I conclude that your motion must be **DENIED** for the following reasons.

The substance of this motion is identical to claims you have previously raised, and which the Court dealt with in its July 1, 2003 Order (D.I. #54). There the Court reaffirmed a previous ruling that had vacated an Order signed solely due to a clerical error. As I noted then, a Court's correction of a clerical error does not violate the due process clause nor deprive a defendant of his constitutional rights. This is especially true under the circumstances of this case: the erroneous Order was signed by a judge not assigned to the case; the error was caught a scant four days after it was made; the correction did not change the original sentence; and the defendant remained in prison throughout the time in question, and suffered no change in circumstance. Your arguments are therefore barred by the doctrine of *res judicata*.

You have also sought to assert the Constitutional prohibition against double jeopardy as grounds for relief, but this clause does not apply to your circumstance. In layman's terms, the double jeopardy clause prevents the State from trying you

exhibit 6

Mr. Arturo Laboy
October 12, 2004
Page 2

over and over again until it is able to find a jury that will convict. It also prevents you from being punished numerous times for the same offense; i.e. since you were charged with assault second degree, you could not also be charged with assault third degree for the exact same act, and thus be doubly punished. You rejected a plea offer, took your chances with a jury trial, and were found guilty of numerous separate offenses. In correcting the aforementioned clerical error, this Court did nothing but uphold that properly issued jury verdict. The double jeopardy clause does not apply.

Finally, I note that this clerical error has given you the false hope that you have somehow obtained new constitutional rights that will invalidate the jury's verdict in your case, your sentence, or both. While I sincerely regret that that has happened, I must emphasize that your belief is incorrect. Duplicative filings pursuant to Rules 35 and 61 will not change the Court's prior Order unless the Delaware or United States Supreme Court announces a new constitutional right that directly applies to your circumstance. Until that happens, I strongly suggest that you cease filing these motions and consider a more productive way to spend your time.

For all of these reasons, Defendant's Motion for Correction of Sentence is **SUMMARILY DENIED**.

**IT IS SO ORDERED.**

Yours very truly,

*Peggy L. Ableman*

Peggy L. Ableman

PLA:ad
cc:   Prothonotary
      Presentence

*exhibit 6 continued*