IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTURO LABOY, | : |
| Petitioner, | : |
| v. | : Civil Action No. 05-352-JJF |
| THOMAS L. CARROLL, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware, | : |
| Respondents. | : |

---

Arturo Laboy. <u>Pro</u> <u>Se</u> Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

July 13, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner Arturo Laboy. (D.I. 2.) For the reasons discussed, the Court will deny the Petition.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On February 15, 1994, a Delaware Superior Court jury convicted Petitioner of assault in the first degree, assault in the second degree, stalking, terroristic threatening, and two counts of possession of a deadly weapon during the commission of a felony. On May 13, 1994, the Superior Court sentenced Petitioner to a total of 44 years at Level V incarceration, suspended after 41 ½ years for probation. Petitioner appealed, and while the appeal was pending, Petitioner filed a motion for reduction of sentence pursuant to Delaware Superior Court Criminal Rule 35(b). The Superior Court denied the Rule 35(b) motion on August 8, 1994. Thereafter, on June 23, 1995, the Delaware Supreme Court affirmed Petitioner's convictions and sentences. See State v. Laboy, 2003 WL 21517974 (Del. Super. Ct. July 1, 2003).

On February 26, 2001, Petitioner filed a second Rule 35(b) motion for reduction of sentence. On February 27, 2001, a Superior Court judge, ("Judge A"), granted the Rule 35(b) motion in part and reduced the sentence imposed for one conviction from

1

20 years at Level V to 5 years at Level V.  However, on March 2, 2001, another Superior Court judge, ("Judge B"), denied the Rule 35 motion because it was filed more than 90 days after the imposition of sentence.  In a motion dated March 19, 2001, the State requested Judge B to vacate the February 27, 2001 issued by Judge A.  On March 21, 2001, Judge B granted the motion and vacated the February 27, 2001 order.  Id.

On October 17, 2002, Petitioner filed a state petition for a writ of habeas corpus challenging the course of events that occurred in 2001.  The Superior Court denied the petition.  Id.  In 2003, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") challenging the 2001 events, which the Superior Court denied.  The Delaware Supreme Court affirmed the Superior Court's judgment.  Id.; Laboy v. State, 846 A.2d 238 (Table), 2003 WL 22457072 (Del. Oct. 27, 2003).

On September 16, 2004, Petitioner filed a Rule 35(a) motion, which the Superior Court denied.  Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment.  Laboy v. State, 871 A.2d 1128 (Table), 2005 WL 850426 (Del. Apr. 11, 2005).

Petitioner filed the instant Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. 2254.  (D.I. 2.)  The State filed an Answer, and Petitioner filed a Response.  (D.I. 12; D.I. 14.)

The Petition is ready for review.

## II. DISCUSSION

Petitioner presents four claims for relief in his Petition, all stemming from Judge B's 2001 orders regarding his February 2001 Rule 35(b) motion. Specifically, Petitioner asserts that: (1) the Superior Court violated his due process rights by first granting, and then denying, his Rule 35(b) motion for sentence reduction, and finally, by vacating the original February 27, 2001 order issued by Judge A, because the State did not file a motion for reargument within 10 days of Judge A's order; (2) the Superior Court violated his due process rights because it lacked jurisdiction to reinstate his original 1994 sentence; (3) the Superior Court denied him due process because the Superior Court judge who denied the motion for reduction of sentence was prejudiced against him as a result of a prior child custody hearing in Family Court; and (4) the Delaware Supreme Court denied him due process when it failed to reverse the Superior Court's orders denying him sentence reduction because the Delaware Supreme Court did not apply the different tests in determining whether Judge B was biased. (D.I. 2)

### A. Cognizability

A federal court does not have jurisdiction to provide habeas relief unless a petitioner alleges that his conviction violated the Constitution, laws, or treaties of the United States. 28

3

U.S.C. § 2254(a). Consequently, the "federal role in reviewing an application for habeas corpus relief is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceedings does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998). Additionally, claims asserting a violation of a state law, or challenging a state court's interpretation of state law, are not cognizable on federal habeas review, even if they are couched in terms of due process. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Smith v. Phillips, 455 U.S. 209, 211 (1982); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); Dorn v. Kearney, 1997 WL 811565, at *2 (D. Del. Dec. 10, 1997). For example, a state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable, unless the sentencing decision exceeds the statutory limits or is wholly unauthorized by law. See Bozza v. United States, 330 U.S. 160, 166 (1947).

Applying the foregoing principles, if a motion for reduction of sentence pursuant to Delaware Superior Court Criminal Rule 35(b) constitutes a post-conviction proceeding collateral to the original proceeding, all four of Petitioner's challenges to the Superior Court's denial of the motion fail to allege issues

cognizable on federal habeas review. If a Rule 35(b) motion does not constitute a collateral proceeding for cognizability purposes,[1] then the Court concludes that Claims Three and Four present cognizable claims because they allege federal due process issues. However, Claims One and Two still present issues that are not cognizable on federal habeas review because they assert violations of state law; Claim One alleges that the state courts erred in applying a state procedural rule, and Claim Two challenges the Superior Court's jurisdiction. See, e.g., Jones v. Carroll, 388 F. Supp. 2d 413, 420-21 (D. Del. 2005)(claims challenging a state court's jurisdiction are not cognizable on federal habeas review)(collecting cases))(cert. of app. denied by 3rd Cir. on Mar. 22, 2006). Thus, the Court will dismiss Claims One and Two because these state law claims are not cognizable in the instant proceeding.

**B.  The Entire Petition Is Time-Barred**

Even if Claims One and Two could be construed to assert issues cognizable on federal habeas review, the Court concludes

---

[1] The Third Circuit has granted a certificate of appealability to determine if a motion for reduction of sentence pursuant to Delaware Superior Court Criminal Rule 35(b) constitutes an application for state post-conviction or collateral review for statutory tolling purposes under 28 U.S.C. § 2244(d)(2). See Hartmann v. Carroll, Civ. A. No. 04-4550, Order (3d Cir. Nov. 1, 2005). The Court cannot predict whether that determination will provide guidance for deciding if a challenge to a state court's decision on a Rule 35(b) motion presents a claim cognizable on federal habeas review.

5

that the entire Petition must be dismissed as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitation for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In the instant case, Petitioner's conviction became final on September 21, 1995, ninety-days after the Delaware Supreme Court affirmed his conviction and sentence. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). However, because Petitioner's conviction became final prior to the effective date of the AEDPA, the limitations period did not begin to run until April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)(allowing one-year grace period to petitioner's whose convictions became final prior to the

6

enactment of the AEDPA). Applying the one-year limitations period from that date, Petitioner was required to file his Petition by April 24, 1997. See Wilson v. Beard, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period).

Petitioner did not file the instant Petition until May 22, 2005,[2] and therefore, the Petition is time-barred. Yet, pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations may be tolled during the pendency of a properly filed application for State post-conviction or other collateral review. Here, none of Petitioner's post-conviction motions have any statutory tolling effect. Petitioner's first Rule 35(b) motion was filed on August 4, 1994 and denied on August 8, 1994, well before Petitioner's conviction became final in 1995. Petitioner filed his other Rule 35 motions, his state petition for the writ of habeas corpus, and his Rule 61 motion at different times from February 2001 through

---

[2] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, May 22, 2005, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

7

2004, thus, none of these applications have any statutory tolling effect because they were filed well after the expiration of the limitations period in April 1997. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

The AEDPA's limitations period may also be tolled for equitable reasons if the petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Here, the Court concludes that Petitioner's situation does not warrant equitable tolling because he did not diligently pursue his claims. Petitioner's conviction became final in September 1995, and he waited more than five years to file a Rule 35(b) motion in February 2001. Moreover, Petitioner does not allege that he was prevented from asserting his rights in some extraordinary way, and, to the extent Petitioner made a mistake or miscalculation regarding the one-year period, such mistakes are insufficient to justify equitable tolling. Miller, 145 F.3d

at 618-19; <u>Schlueter</u>, 384 F.3d at 77 (3d Cir. 2004); <u>see</u> <u>Simpson v. Snyder</u>, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

      Finally, before concluding, the Court notes that the State correctly contends that the Petition is time-barred, but departs from the usual method of determining when the AEDPA's limitations period began to run.  Specifically, the State contends that the events surrounding Petitioner's 2001 Rule 35(b) motion provide the relevant trigger date for the limitations period, and concludes that the one-year limitations period started to run on April 21, 2001, after the expiration of the 30-day appeal period from Judge B's order vacating Judge A's February 2001 order. (D.I. 12)

      By presenting this argument, the State appears to presume that a Rule 35(b) motion is part of the direct review process in Delaware, and therefore, "restarts" the limitations period.  <u>See</u>, <u>e.g.</u>, <u>Lozano v. Frank</u>, 424 F.3d 554 (7th Cir. 2005)(rejecting petitioner's argument that a state motion to modify sentence is a further stage of direct review and therefore resets the AEDPA's limitations period).  The State does not provide support for this position, and the contention contradicts the assertion the State presents in its Answer that none of Petitioner's claims are cognizable because a Rule 35(b) motion constitutes a collateral proceeding. (D.I. 12.)  Importantly, the Supreme Court has explained that "[t]he words 'by the conclusion of direct review

or the expiration of the time for seeking such review' make it clear that finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule," rather than to state-law rules, which might differ from the federal rule and vary from state to state. Clay v. U.S., 537 U.S. 522, 531 (2003). The Supreme Court has concluded that a judgment of conviction only becomes final if a "judgment of conviction was rendered, the availability of appeal [was] exhausted, and the time for petition for certiorari" in the Supreme Court has expired. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); Allen v. Hardy, 478 U.S. 255, 258 n.1 (1986). The Third Circuit has consistently applied this rule in § 2254 cases since its 1999 decision Morris v. Horn, 187 F.3d 333, 337 (3d Cir. 1999). See also Kapral, 166 F.3d at 575 (applying rule to § 2255 motions).

In light of these principles, the Court concludes that the Rule 35(b) motion does not trigger the starting point for the limitations period. Nevertheless, even if the Rule 35(b) does provide the starting date for the limitations period, the Petition is still time-barred. Petitioner did not appeal Judge B's order vacating Judge A's order, therefore, the AEDPA's limitations period began to run on April 21, 2001. The limitations period ran without interruption until it expired on April 21, 2002. Consequently, Petitioner's other post-conviction motions, filed intermittently from October 2002 through 2004, did

10

not have any statutory tolling effect, and Petitioner has not presented any reasons warranting equitable tolling of the limitations period.

Accordingly, the Court dismisses the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 does not

11

warrant federal habeas relief. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2; D.I. 3.)

An appropriate Order will be entered.